UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Sharon Bell,<br><br>            Plaintiff,<br>v.<br><br>USI Solutions, Inc.,<br><br>            Defendant. | Civil Action No.: 4:19-cv-358<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, the Plaintiff, Sharon Bell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Sharon Bell ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, USI Solutions, Inc. ("USI"), is a Pennsylvania business entity with an address of 408 Mill Street, Bristol, Pennsylvania 19007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to USI for collection, or USI was employed by the Creditor to collect the Debt.

9.     The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     USI Engages in Harassment and Abusive Tactics**

10.     On or about April 12, 2018, USI began calling Plaintiff at her place of employment in an attempt to collect the Debt.

11.     During the initial phone call, Plaintiff told USI that she could not accept personal calls at work and requested that all calls to her work number cease.

12.     In complete disregard of Plaintiff's cease request, USI continued to call Plaintiff's workplace in an attempt to collect the Debt.

**C.     Plaintiff Suffered Actual Damages**

13.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## **COUNT I**

## **VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692,** *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

17. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted the Plaintiff at her place of employment when it knows the employer prohibits such communication.

18. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

25. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

26. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

27. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin.

Code Ann. § 392.404(a);

7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 1, 2019

Respectfully submitted,

By:   /s/ Jody B. Burton

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424